### NEW HAVEN TOWING CO. v. CITY AND TOWN OF NEW HAVEN.

#### CASTLE v. SAME.

(District Court, D. Connecticut. June 19, 1902.)

#### Nos. 1,345, 1,346.

1. ADMIRALTY—EXCEPTIONS TO ANSWER.
   Exceptions to an answer in admiralty will be overruled when they strike only at errors of form or style, or where, if not so construed, they involve the entire controversy, which the court cannot properly determine without evidence.

In Admiralty. On exceptions by libelants to answer of respondent.

James D. Dewell, Jr., for libelants.
White, Daggett & Tilson, for respondent.

PLATT, District Judge. I have examined the exceptions filed by libelants in these cases with great care, and must confess that their purpose in filing them is rather obscure. It is claimed that in admiralty practice the function to be performed by exceptions to an answer is the equivalent of that accomplished by a special demurrer in the common-law courts. If that be true, then these exceptions strike at the very root and kernel of the controversy. After I shall have ordered the objectionable clauses stricken out, the respondent's contention would have become futile and abortive. And yet the libelants do not wish me to decide the entire controversy, and I am without sufficient information upon which to decide such an important question. And, furthermore, I am not at all satisfied that the libelants have pursued

the course which is customary in raising such an issue. On the other hand, if it be merely errors of form and style to which the libelants object, it is well understood that the admiralty law brushes aside mere critical and carping objections, and seeks to treat all who approach with equal and exact justice. In truth, I think that, under all the circumstances, the proctor for the respondent has been fairly successful in his excursion upon the waters, towards which his duty called him. I think that I ought to overrule the exceptions, without cost to either party, and it is so ordered.